UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-139-DLB

JAMES KELLY                                                                                  PLAINTIFF

VS.                         **MEMORANDUM OPINION AND ORDER**

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, et al.                                DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

**I.    INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's ERISA-benefits[1] claim based upon the forum-selection clause found within the ERISA Plan. For the reasons below, the Court will deny the Motion to Dismiss and transfer the action to the Western District of Pennsylvania.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Amended Complaint alleges breach of contract, or alternatively, improper decision making under the Employee Retirement Income Security Act of 1974 ("ERISA"), leading to the denial of his long-term disability ("LTD") benefits. (Doc. # 9). He seeks the entirety of the benefits he believes he is owed under contract, attorney's fees, pre- and post-judgment interest, and $110 per day for failing to timely respond to a request for documents. *Id*. at 6.

---

[1]     Although the First Amended Complaint alleges alternative theories that the action is both governed and not governed by ERISA, Plaintiff abandons the latter argument in his Response to Defendants' Motion to Dismiss. In addition, the documents included in the Motion to Dismiss—the authenticity of which is not in dispute—state that the plan is subject to ERISA. (Docs. # 20-1 at 20; 20-2 at 3).

1

On July 31, 2017, Defendants Liberty Life Assurance Company, Consol Energy, Inc., Consol Energy, Inc. Flexible Benefits Program Long Term Disability Plan, and Senior Vice President Human-Resources filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, arguing that the forum-selection provision in LTD Plan requires that all disputes arising out of the Plan be litigated in Allegheny County, Pennsylvania. (Docs. # 19, 20). Among the documents that Defendants attached to their memorandum in support are: (1) Long Term Disability Benefits Summary Plan Description (the "SPD"); and CONSOL Energy, Inc. Health & Welfare Plan (the "Wrap Plan"). (Docs. # 20-1 and 20-2). Defendants request that this action be dismissed without prejudice to Plaintiff's right to refile in the proper forum. (Doc. # 20 at 10). Plaintiff responded to the Motion to Dismiss, requesting that the motion be denied, or alternatively, that the Court transfer the case in lieu of dismissal. (Doc. # 22). Defendants having replied (Doc. # 23), this matter is ripe for the Court's review.

Subsequent to the parties' briefing, the Court issued an order requiring Defendants to provide a copy of the full Long Term Disability Benefits Plan. (Doc. # 24). Defendants responded with a notice indicating that the Wrap Plan, as it incorporates the SPD, is the entire Plan. (Doc. # 25). Upon further review of the briefing, Plaintiff does not dispute this proposition. (Doc. # 22 at 4).

### III. ANALYSIS

#### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is met when the facts in the

complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where a motion under Rule 12(b)(6) asks the court to consider "matters outside the pleadings," the motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, because under Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," documents attached to a Rule 12(b)(6) motion that are "referred to in the complaint" and "central to the plaintiff's complaint" may be properly considered under the Rule 12(b)(6) standard of review. *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (abrogated on other grounds) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

**B.    The Plan's forum-selection provision is valid and enforceable.**

One of the Congressional policies behind ERISA is to "provide 'ready access to the Federal courts.'" *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 931 (6th Cir. 2014) (citing 29. U.S.C. § 1001(b)). Thus, ERISA's venue provision states that an action brought in a United States District Court "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132. So long as the forum-selection clause provides for actions to be brought in one of these three venues, no conflict exists between the forum-selection

clause and ERISA's venue provision.  *Id.* at 932.[2]

In this action, both the Defendant Plan and Defendant Plan Administrator are alleged to be citizens and residents of Pennsylvania, with addresses in Pittsburgh, Pennsylvania.  (Doc. # 9 at 3).  The forum-selection clause—included in the SPD as it is incorporated in the Plan—requires litigation arising out of a denial of Plan benefits to be brought in "a state or federal court located in Allegheny County, Pennsylvania."  (Doc. # 20-1 at 23).  The Court takes judicial notice that Pittsburgh is within Allegheny County, Pennsylvania.  In addition, all parties agree that the Plan is administered in Canonsburg, Washington County, Pennsylvania.  (Doc. # 20 at 8; Doc. # 22 at 7).  The Court takes judicial notice that Washington County, Pennsylvania is within the same federal judicial district as Allegheny County, Pennsylvania—the Western District of Pennsylvania.  A federal action brought in Allegheny County would be in the same district where the Plan is administered.  Thus, the forum-selection clause in the Plan is presumptively valid.

Once a forum-selection provision is determined to be valid, the burden switches to the Plaintiff to show that the provision should not be enforced.  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)) ("A forum selection clause should be upheld absent a strong showing that it should be set aside.").  To evaluate the enforceability of a forum-selection clause, the court considers the following: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be

---

[2]  In fact, the *Smith* Court suggested that "even if the venue selection clause laid venue outside of the three options provided by § 1132, the venue selection clause would still control."  *Smith*, 769 F.3d at 932.  But because this case creates no such concern, it need not be considered here.

4

so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)).

Plaintiff's argument that all three factors suggest unenforceability is unsupported by the facts. First, Plaintiff admits that he "has no evidence at this early juncture to demonstrate that Defendants obtained the clause by fraud or duress," but suggests that such evidence might be forthcoming through discovery. (Doc. # 22 at 7). The possibility of a hypothetical is insufficient to show fraud, duress, or other unconscionable means. *See Wong*, 589 F.3d at 828 (citing *Preferred Capital, Inc., v. Assocs. of Urology*, 453 F.3d 718, 722 (6th Cir. 2006)) ("[W]e have upheld a forum selection clause where the party opposing the clause failed to offer any evidence showing that it did not knowingly and willingly consent to the inclusion of the clause in the agreement"). Plaintiff's blanket statement that "there is no evidence that Plaintiff agreed to the forum selection clause," (Doc. # 22 at 7), is also insufficient to show fraud or duress.

Second, Plaintiff argues that because Defendant CONSOL Energy, Inc. has a principal office that is located within the Western District of Pennsylvania, it would be unfair for Plaintiff—a Kentucky resident who only worked for CONSOL in Kentucky—to have to sue in CONSOL's own "backyard." *Id.* Outside of this allegation, Plaintiff provides no evidence that a federal court in the Western District of Pennsylvania would unfairly or ineffectively handle the suit. Put simply, Plaintiff provides no support that the law in this district would "be such a risk … that the litigants will be denied any remedy or will be treated unfairly." *Wong*, 589 F.3d at 829. Thus, Plaintiff has made no showing that the Western District of Pennsylvania would ineffectively or unfairly handle his case.

5

Finally, Plaintiff argues that because the driving time between Allegheny County and Plaintiff's residence is approximately six hours, it would be "seriously inconvenient" to make the trip. (Doc. # 22 at 7-8). However, under *Wong*, the analysis is not just whether the forum is "seriously inconvenient," but whether requiring a plaintiff to bring suit in the forum "would be unjust." *Wong*, 589 F.3d at 829 ("The finding must be based on more than mere inconvenience of the party seeking to avoid the clause.") The Court is unconvinced that a six-hour drive, or pursuing local counsel in Allegheny County, is such a "serious inconvenience" as to render the forum-selection clause unjust.

Plaintiff additionally argues that because any conflicts between the SPD and the Wrap Plan must be resolved in favor of the Wrap Plan, which contains no forum-selection clause, the forum-selection clause in the SPD must be discarded. (Doc. # 22 at 4). But this is not accurate. The Wrap Plan requires participants in the Plan to initiate legal action for benefits under the Plan within one year of the final decision on a claim, specifically stating that the "one-year limitation period on suits should apply in any forum where a suit is initiated." (Doc. # 20-2 at 10). The SPD requires that a suit following denial of benefits be initiated "in a state or federal court located in Allegheny County, Pennsylvania." (Doc. # 20-1 at 23). Thus, regardless of whether a participant files an action in a state or a federal court within Allegheny County, Pennsylvania, it must be initiated within one-year of the final decision on participant's benefits. The SPD and Wrap Plan are not in conflict, but rather, are complimentary.

In sum, Plaintiff has not met his burden of showing that the presumptively valid forum-selection clause should not be enforced. Thus, the next question is how to actually enforce the clause.

### C. A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is a permitted—but not required—procedural mechanism to enforce a forum-selection clause.

The Supreme Court has explicitly declined to decide whether a defendant can obtain dismissal under Rule 12(b)(6) when a plaintiff files suit in a forum other than that which had been bargained for in a relevant forum-selection clause. *Atl. Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 124 S. Ct. 568, 581-82 (2013). And so the question is whether such a motion is procedurally proper in these circumstances. Although there is no definite answer, one court within this Circuit has suggested that the Sixth Circuit has "strongly implied as much." *Ferris & Salter v. Thomson Reuters Corp.*, 819 F. Supp. 2d 667, 672-73 (E.D. Mich. Oct. 19, 2011).

The *Ferris & Salter* Court looked to three Sixth Circuit cases in support of its analysis. First, neither § 1406(a) nor Rule 12(b)(3) were appropriate mechanisms for the situation of a properly venued action subject to a forum-selection clause that would require changing venues. *Id.* (citing *Kerobo v. S.W. Clean Fuels Corp.*, 285 F.3d 531, 535 (6th Cir. 2002)). Second, the Sixth Circuit had previously suggested in dicta that a party seeking to enforce a forum-selection clause should do so under 28 U.S.C. § 1404 or Rule 12(b)(6). *Id.* (citing *Langley v. Prudential Mortg. Capital Co.*, 546 F3d. 365, 369 (6th Cir. 2008)). And third, the Sixth Circuit had previously affirmed a lower court's dismissal under an unspecified Rule 12(b) motion for filing the action in a venue outside that contemplated by the applicable forum-selection clause. *Id.* (citing *Sentinel Sys.*, 176 F.3d 369).[3]

---

[3] In a footnote, the *Sentinel Systems* panel stated that the subsection of Rule 12(b) was not specified as to which should govern dismissal based on a forum-selection clause, but that (b)(1), (b)(3), and (b)(6) could all apply, depending on which circuit was asked. *Sentinel Sys.*, 176 F.3d at 371, n. 2. Following *Atlantic Marine*, it is clear that subsection (b)(3) is an inappropriate mechanism, as is subsection (b)(1),

Without committing to a hard-and-fast rule, the Sixth Circuit's more recent case *Smith v. Aegon* confirms that dismissal under Rule 12(b)(6) is a permitted mechanism when a court is presented with an action brought in contradiction to the litigating parties' forum-selection agreement. *Smith*, 769 F.3d at 934 ("In our case, Smith's complaint was dismissed pursuant to Rule 12(b)(6) … The district court did not abuse its discretion in dismissing the case instead of transferring it."). Thus, this Court is permitted to dismiss the matter under Rule 12(b)(6), but not required to do so. Pursuant to 28 U.S.C. § 1404(a), it may also transfer the matter to the appropriate federal forum.

### D.     This action will be transferred.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In determining whether to transfer a case, "[t]he presence of a forum-selection clause … will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A forum-selection clause "should receive neither dispositive consideration … nor no consideration … but rather the consideration for which Congress provided in § 1404(a)." *Id*. at 31.

Despite Plaintiff's arguments that no specific evidence has been presented in support, (Doc. # 22 at 7), there exists a valid and enforceable forum-selection clause in the Plan, to which all parties have consented. And although Plaintiff is correct that litigating closer to some of the Defendants' principle places of business may be more

---

which tests subject matter jurisdiction, not the contents of parties' private bargaining. *Atl. Marine*, 134 S.Ct. at 577. Thus, if the *Sentinel Systems* analysis is to survive, it must be through the procedural mechanism found in subsection (b)(6).

convenient for the Defendants, it is not unfair to enforce a forum-selection clause providing a venue more proximal to one party than another. However, it might be unfair to Plaintiff, who initially filed this action in state court under the alternative theory that this was not an ERISA-governed action, to wholly dismiss the matter and force him to expend additional costs by refiling in the Western District of Pennsylvania.[4] Therefore, in the interest of justice, this matter shall be transferred, pursuant to § 1404(a), to the Western District of Pennsylvania, Pittsburgh Division.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

**IT IS ORDERED** as follows:

(1) Defendants' Motion to Dismiss (Doc. # 19) is **DENIED**; and

(2) The Clerk of Court is directed to **TRANSFER** this action to the Western District of Pennsylvania, Pittsburgh Division.

The 25th day of January, 2018.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\London\2017\17-139 MOO.docx

---

[4] "For the federal court system, Congress has codified the doctrine [of *forum non conveniens*] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citing 28 U.S.C. § 1404(a)).